UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENISHAW PLC,<br><br>        Plaintiff,<br><br>        v.<br><br>TESA SA and<br>HEXAGON METROLOGY, INC. (also dba<br>TESA USA, BROWN & SHARPE, INC. and<br>SHEFFIELD MEASUREMENT, INC.)<br><br>        Defendants. | No. 08-CV-3485<br><br>Honorable Rebecca R. Pallmeyer<br><br>Jury Trial Demanded |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants, TESA SA and Hexagon Metrology, Inc. (collectively "Defendants" or "Hexagon"), hereby answer the Complaint filed by Renishaw plc ("Renishaw") on June 18, 2008, as follows:

1.  Plaintiff, Renishaw plc, complains of Defendants, TESA SA and Hexagon Metrology, Inc. (also doing business as TESA USA, Brown & Sharpe, Inc., and Sheffield Measurement, Inc.) (collectively "Hexagon"), as follows:

**RESPONSE:** Hexagon admits that Renishaw filed a complaint against Defendants, TESA SA and Hexagon Metrology, Inc. Except as expressly admitted, Hexagon denies the remaining allegations of Paragraph No. 1.

### THE PARTIES

2.  Plaintiff Renishaw plc is a corporation duly organized and existing under the laws of England and having a principal place of business at New Mills, Wotton-under-Edge, Gloucestershire GL12 8JR, England. Renishaw plc manufactures precision measurement products, including probes and accessories for coordinate measuring machines (CMMs) and machine tools.

**RESPONSE:** Hexagon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 2.

988446/D/3

3. Plaintiff Renishaw plc distributes its products in the United States through its wholly-owned subsidiary, Renishaw, Inc. Renishaw, Inc. is an Illinois corporation with a principal place of business at 5277 Trillium Boulevard, Hoffman Estates, Illinois 60192.

**RESPONSE:** Hexagon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3.

4. On information and belief, Defendant TESA SA is a corporation duly organized and existing under the laws of Switzerland and having a principal place of business at Bugnon 38, CH-1020, Renens, Switzerland. TESA SA manufactures precision measurement products, including probes and accessories for CMMs and machine tools. TESA SA operates as part of the Hexagon Metrology group of Hexagon AB, a Swedish company.

**RESPONSE:** Hexagon admits the allegations of Paragraph No. 4.

5. On information and belief, Defendant Hexagon Metrology, Inc. is a Delaware corporation that is licensed to do business in Illinois (with an agent in Chicago) and has a number of places of business, including, among others, 1558 Todd Farm Dr., Elgin, Illinois 60123, and 250 Circuit Drive, North Kingstown, Rhode Island 02852. Hexagon Metrology, Inc. also does business as TESA USA, Brown & Sharpe, Inc., and Sheffield Measurement, Inc. Hexagon Metrology, Inc. markets precision measurement products of TESA SA throughout the United States, including in this judicial district. Hexagon Metrology, Inc. operates as part of the Hexagon Metrology group of Hexagon AB, a Swedish company.

**RESPONSE:** Hexagon admits the allegations of Paragraph No. 5.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*.

**RESPONSE:** Hexagon admits that Renishaw's Complaint includes a count for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*. Except as expressly admitted, Hexagon denies the remaining allegations of Paragraph No. 6.

7. Exclusive original jurisdiction over the subject matter of this action is conferred on this Court pursuant to 28 U.S.C. §§1331 and 1338(a).

**RESPONSE:** Hexagon admits the allegations of Paragraph No. 7.

8. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

**RESPONSE:** Hexagon admits the allegations of Paragraph No. 8.

## COUNT 1

9.     Paragraphs 1-8 set forth above are incorporated by reference as though set forth here in full.

**RESPONSE:**  Hexagon incorporates by reference its responses to paragraphs 1-8 set forth above.

10.     Renishaw plc is the sole owner of U.S. Patent No. 5,505,005 (the "005 Patent"), entitled "Touch Probe," which issued on April 9, 1996.

**RESPONSE:**  Hexagon admits that the '005 Patent, entitled "Touch Probe," issued on April 9, 1996.  Hexagon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 10 and, on that basis, denies them.

11.     Renishaw plc is the sole owner of U.S. Patent No. 6,012,230 (the "230 Patent"), entitled "Inspection System for Coordinate Positioning Machine," which issued on January 11, 2000.

**RESPONSE:**  Hexagon admits that the '230 Patent, entitled "Inspection System for Coordinate Positioning Machine," issued on January 11, 2000.  Hexagon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 11 and, on that basis, denies them.

12.     Renishaw plc is the sole owner of U.S. Patent No. 5,327,657 (the "657 Patent"), entitled "Touch Probe," which issued on July 12, 1994.

**RESPONSE:**  Hexagon admits that the '657 Patent, entitled "Touch Probe," issued on July 12, 1994.  Hexagon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 12 and, on that basis, denies them.

13.     Renishaw plc manufactures products covered by the 005, 230, and 657 Patents (collectively "Renishaw Patents").  Renishaw, Inc. distributes those products in the United States.

**RESPONSE:**  Hexagon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 2.

14. Hexagon has infringed and is continuing to infringe the Renishaw Patents by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products and/or methods that are encompassed by claims of the Renishaw Patents, by inducing others to infringe the Renishaw Patents, and/or by contributing to others' infringement of the Renishaw Patents. On information and belief, Hexagon will continue to infringe the Renishaw Patents unless and until enjoined by this Court.

**RESPONSE:** Hexagon denies the allegations of Paragraph No. 14.

15. Hexagon had prior knowledge of at least two of the Renishaw Patents, and therefore, on information and belief, has infringed one or more of the Renishaw Patents willfully, deliberately, and with objective recklessness, thereby rendering this case exceptional under the United States patent laws.

**RESPONSE:** Hexagon admits that it received a letter on June 26, 2006 regarding the '657 Patent and an e-mail on December 13, 2007 regarding the '005 Patent. Except as expressly admitted, Hexagon denies the remaining allegations of Paragraph No. 15.

## **AFFIRMATIVE AND OTHER DEFENSES**

In addition to the defenses specifically described below, Hexagon expressly reserves the right to allege additional defenses as they become known through discovery or otherwise.

1. The asserted claims of the Renishaw Patents are invalid because they fail to comply with the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

2. Hexagon does not infringe and has not induced or contributed to infringement by another of any valid and enforceable asserted claim of the Renishaw Patents.

## **COUNTERCLAIMS**

For its counterclaims, Counterclaim-plaintiffs, TESA SA and Hexagon Metrology, Inc. (also doing business as TESA USA, Brown & Sharpe, Inc., and Sheffield Measurement, Inc.) (collectively "Hexagon") allege as follows:

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, the Federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions related to patents, 28 U.S.C. § 1338(a).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 1400.

## THE PARTIES

5. TESA SA is a corporation organized under the laws of Switzerland having a principal place of business at Bugnon 38, CH-1020, Renens, Switzerland.

6. Hexagon Metrology, Inc. is a Delaware corporation having a principal place of business at 250 Circuit Drive, North Kingstown, Rhode Island 02852.

7. On information and belief, Counterclaim-defendant Renishaw plc ("Renishaw") is a corporation organized under the laws of England having a principal place of business at New Mills, Wotton-under-Edge, Gloucestershire GL12 8JR, England.

8. On information and belief, Renishaw is the assignee of U.S. Patent Nos. 5,327,657 ("'657 Patent"), 5,505,005 ("'005 Patent"), and 6,012,230 ("'230 Patent") (collectively "Renishaw Patents").

## FIRST COUNTERCLAIM: DECLARATION OF INVALIDITY

9. Hexagon incorporates Paragraphs 1 through 7 of its Affirmative and Other Defenses and Counterclaims as if fully set forth herein.

10. The asserted claims of the '005 and '230 Patents are invalid for failure to comply with one or more of the provisions specified in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

11. An actual and justiciable controversy exists between Hexagon and Renishaw with respect to the validity of the asserted claims of the '005 and '230 Patents.

### SECOND COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT

12. Hexagon incorporates Paragraphs 1 through 10 of its Affirmative and Other Defenses and Counterclaims as if fully set forth herein.

13. Hexagon does not infringe any valid and enforceable asserted claims of the Renishaw Patents.

14. An actual and justiciable controversy exists between Hexagon and Renishaw with respect to the allegations in the Complaint that Hexagon infringes the asserted claims of the Renishaw Patents.

### RELIEF REQUESTED

WHEREFORE, Hexagon requests the Court enter a judgment in Hexagon's favor and against Renishaw and provide Hexagon the following relief:

A. Dismiss Renishaw's Complaint against Hexagon with prejudice and enter judgment in favor of Hexagon;

B. Order, adjudge, and decree that the asserted claims of the Renishaw Patents are invalid;

C. Order, adjudge, and decree that Hexagon has not infringed and is not infringing, inducing, or contributing to the infringement of the asserted claims of the Renishaw Patents;

D. Order, adjudge, and decree that this is an exceptional case under 35 U.S.C. § 285 and award Hexagon its reasonable attorneys' fees; and

E. Award such other and further relief as the Court may deem just.

### JURY DEMAND

Hexagon hereby demands a trial by jury on all issues so triable.

Dated:  August 8, 2008  By:       */s/ Michael J. Abernathy*

                                                  One of the Attorneys for Defendants
TESA SA and HEXAGON METROLOGY, INC.

Michael J. Abernathy (mabernathy@bellboyd.com)
Alan L. Barry (abarry@bellboyd.com)
Patricia Kane Schmidt (pschmidt@bellboyd.com)
Jason A. Engel (jengel@bellboyd.com)
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois  60602
(312) 372-1121
(312) 827-8000 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT were served in the manner indicated below:

**Via ECF with courtesy copy via email:**

Patrick G. Burns (pburns@gbclaw.net)
B. Joe Kim (bkim@gbclaw.net)
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
25th Floor
Chicago, IL 60606

**Via ECF with courtesy copy via email:**

John W. O'Meara (jomeara@oliff.com)
Aaron L. Webb (awebb@oliff.com)
Edward P Walker (ewalker@oliff.com)
John A. Radi (jradi@oliff.com)
Oliff & Berridge, PLC
277 South Washington Street
Suite 500
Alexandria, VA 22314

on this 8th day of August, 2008.

                                             */s/ Michael J. Abernathy*
                                             One of the Attorneys for Defendants
                                             TESA SA and HEXAGON METROLOGY, INC.