<pre>
</pre>



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENISHAW PLC, <br><br> Plaintiff, <br><br> v. <br><br> TESA SA, and <br> HEXAGON METROLOGY, INC. (also dba <br> TESA USA, BROWN & SHARPE, INC., <br> and SHEFFIELD MEASUREMENT, INC.), <br><br> Defendants. | Case No. 08cv3485 <br><br> Judge: Pallmeyer <br> Magistrate Judge: Nolan <br><br> **Jury Trial Demanded** |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Renishaw plc ("Renishaw") and Defendants Tesa, SA ("Tesa") and Hexagon Metrology, Inc. ("Hexagon") recognize that, pursuant to discovery or otherwise during the course of the above-captioned lawsuit between Renishaw, Tesa and Hexagon ("the lawsuit"), the parties may be required to disclose trade secrets and other confidential research, development, marketing, financial or proprietary commercial and technical information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Stipulated Protective Order (hereinafter "Order") shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1.   This Order shall govern the production, use and disclosure of confidential documents, things and information produced, used or disclosed in connection with the lawsuit and

981300/D/1

designated in accordance with this Order. A party may designate information, documents or things produced, used or disclosed in connection with the lawsuit as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other parties, or orally if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order. Information, documents and things that a party believes contain or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations, or that if disclosed would tend to damage the party's competitive position, may be designated as "CONFIDENTIAL." Information, documents and things that a party believes contain or refer to trade secrets or other confidential research, development, technical, business or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the party's competitive position may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    2.    In the case of a document or thing, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking each page of the document or thing (or in the case of computer medium on the medium and its label and/or cover) with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Documents printed out from any electronic medium marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be marked by the printing party with the same designation as the electronic medium from which they are printed.

    3.    Information conveyed or discussed in testimony at a deposition or a Court proceeding shall be subject to this Order, provided that it is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally or in writing either at the time of the deposition or Court proceeding or after receipt by the parties of the transcript. For such time as any information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed in a deposition, the party whose information,

documents or things are to be disclosed shall have the right to exclude from attendance at the deposition or Court proceeding any person who is not entitled to receive such information, documents or things pursuant to this Order. In the event that a party believes that "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information will be disclosed during a deposition or Court proceeding, counsel for the party may designate on the record that all or specific portions of the deposition or proceeding transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." In addition, a party shall have thirty (30) days after receiving a copy of the deposition or proceeding transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate. If, within such thirty (30) days, no party designates in writing certain portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality, subject to the provisions of Paragraph 4 below. For purposes of discovery related to the hearing on Renishaw's Motion for Preliminary Injunction, the above thirty (30) day period shall be shortened to five (5) business days after a copy of the transcript has been received.

    4. The failure of a party to designate information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The parties understand and acknowledge that a party's failure to designate information, documents or things as either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at or within the time specified in this Order relieves the other parties of any obligation of confidentiality until the designation is actually made.

5.  Any information, document or thing designated as "CONFIDENTIAL" shall be used by the receiving party solely in connection with the lawsuit and shall not be disclosed to anyone other than:

(a) The Court and Court personnel;

(b) Not more than four (4) employees per side to this action, and their necessary clerical staff, which employees have been identified to the opposing party in advance (by providing their name, title and a brief description of job responsibilities), and agreed upon by the opposing party, provided that:

(i) such disclosure is needed to assist in the prosecution or defense of this action;

(ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons;

(iii) before any such employee is shown or receives any information, document or thing designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A (attached hereto) and the procedures of Paragraph 7 below must be followed; and

(iv) an employee may be substituted under the terms of this Order in the event that an employee who has executed a Declaration in the form of Exhibit A subsequently leaves the employment of the receiving party;

(c) Outside counsel of record, and their employees;

(d) Testifying experts, translators, interpreters, investigators, consulting experts and advisors who are independent of and not employed by a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) who are retained for purposes of the lawsuit, provided, however, that before any such person is shown or receives any information, document or thing designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 7

4

below must be followed; and

(e) Persons testifying in depositions or Court proceedings to the extent the "CONFIDENTIAL" document, thing or information was authored by, addressed to or received by the person testifying, or such person is established as knowledgeable of such information or thing, or contents of the document, prior to disclosing the information, document or thing.

6. Any information, document or thing designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used by the receiving party solely in connection with the lawsuit and shall not be disclosed to anyone other than:

(a) The Court and Court personnel;

(b) Outside counsel of record, and their employees;

(c) Testifying experts, translators, interpreters, investigators, consulting experts and advisors who are independent of and not employed by a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) who are retained for purposes of the lawsuit, provided, however, that before any such person is shown or receives any information, document or thing designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," he or she must execute a Declaration in the form of Exhibit A and the procedures of Paragraph 7 below must be followed; and

(d) Persons testifying in deposition or Court proceedings to the extent the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" document, thing or information was authored by, addressed to or received by the person testifying, or such person is established as knowledgeable of such information or thing, or contents of the document, prior to disclosing the information, document or thing.

Each party specifically reserves the right, on a case by case basis, to request permission to allow employees designated under ¶5(b) above to have access to information designated by the other party as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" upon a showing that such access by the designated employees is necessary for the requesting party to address a specific

relevant issue in the litigation, and that the issue cannot otherwise be meaningfully addressed by the requesting party (e.g., through the employment of an independent expert) without such access by the designated employees. The parties shall make reasonable efforts among themselves to resolve any issues relating to any such requests. If agreement cannot be reached, the requesting party may file a motion with the Court seeking to allow access by the designated employees to the other party's "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information upon the showing as set forth above.

7. (a)  The attorneys of record for the receiving party shall retain the original, executed Declarations (in the form of Exhibit A) that have been executed by that party's employees, testifying experts, translators, interpreters, investigators, consulting experts and advisors;

(b)  Prior to disclosure of any documents, things or information designated as "CONFIDENTIAL" to any employee of the receiving party pursuant to Paragraph 5(b) above or to any testifying expert, translator, interpreter, investigator, consulting expert or advisor pursuant to Paragraph 5(d) above, a copy of the executed Declaration (in the case of an expert, with a copy of his/her curriculum vitae attached) shall be served upon the producing party's counsel;

(c)  Prior to the disclosure of any documents, things or information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to any testifying expert, translator, interpreter, investigator, consulting expert or advisor pursuant to Paragraph 6(c) above, a copy of the executed Declaration (in the case of an expert, with a copy of his/her curriculum vitae attached) shall be served upon the producing party's counsel; and

(d)  The producing party shall make any objections to the disclosure not later than ten (10) business days from the date of service. For purposes of discovery related to the hearing on Renishaw's Motion for Preliminary Injunction, the above ten (10) business day period shall be shortened to three (3) business days. No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. Any such objections must be in

good faith and not interposed for purposes of delay or harassment.

8.   Any natural person who receives information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application, reexamination or reissue of a patent in the field of coordinate measuring machines and/or touch probe technology for a period of three (3) years after that person's last review of the designated information or from the termination of the litigation whichever is earlier or as otherwise agreed to by the parties. To the extent a person reviews "CONFIDENTIAL - ATTORNEYS' EYES ONLY" non-party information of a technical nature, that person shall abide by the terms of this Paragraph 8 unless otherwise agreed to by the non-party that produced the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information. An information barrier shall be maintained to insure that persons who are not intended to have access to "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information are precluded from accessing that information.

9.   Unless otherwise permitted herein, within sixty (60) days after the final disposition of the lawsuit, including all appeals therefrom, all documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all copies of such documents and all papers containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in the possession, custody or control of the parties and their attorneys, employees, experts, translators, interpreters, investigators, advisors or consultants shall be destroyed or returned to counsel for the producing party. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 9 have been completed.

10.   The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification or addition to this Order. This Order shall survive

the final disposition of the lawsuit, by judgment, dismissal, settlement or otherwise.

11. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any party of any information, documents or things that are currently in the party's lawful possession, custody or control, that later come into the possession of the party from the public domain or from others lawfully in possession of such information, documents or things who are not parties to the lawsuit or bound by this Order or a comparable order or obligation, or that are required to be disclosed by any law, regulation, order or rule of any governmental authority; provided, however, that if a party is required to disclose a document, thing or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other parties to afford those parties the opportunity to seek legal protection from the disclosure of such information, documents or things.

12. For any violation of the terms of this Order, any party shall be free to apply to the Court for any relief that the party deems appropriate.

13. Neither this Order nor any stipulation therefor, nor any disclosure or use of information, documents or things, in whatever form, pursuant to this Order, shall be deemed an admission, waiver or agreement by any party that any information, document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against each other or a third party. Further, neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in the lawsuit beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this lawsuit.

14. Unintentional erroneous production of documents subject to work-product immunity or the attorney-client privilege, whether through inadvertence, accident, carelessness,

negligence, gross negligence, recklessness or otherwise, shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing via email, with confirmation by first-class mail, of the fact and circumstances of such an alleged erroneous production promptly upon learning of it. Such alleged erroneously produced documents, and all copies thereof, shall be promptly returned to the producing party or destroyed upon request, unless the receiving party promptly seeks the Court's determination that (i) the documents are not privileged or protected by work product immunity or (ii) a waiver has occurred, e.g., because the production was not unintentional and erroneous or the claim of unintentional erroneous production was not made promptly. Until the parties or the Court resolve(s) the issues raised by the receiving party, the receiving party may not use or disclose the alleged erroneously produced documents.

15.   This Order shall not be construed to foreclose any party from moving the Court for an order that information, documents or things designated as "CONFIDENTIAL" are not confidential or that information, documents or things designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" should be reclassified to a lower level of confidentiality or are not confidential. On a motion to reclassify "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, documents or things at a lower level of confidentiality, the non-moving party shall have the burden of proving that the need to prevent disclosure of the information, documents or things to the opposing party's personnel outweighs the moving party's need to disclose the information, documents or things to its personnel. On a motion to designate "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, documents or things as not confidential, the non-moving party shall have the burden of proving that the information, documents or things so designated constitutes and/or contains trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(g). Prior to making any such motion, the parties shall discuss the matter in good faith to try to resolve or narrow the scope of the subject motion. The information, documents or things

9

shall be treated as originally designated, i.e., "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at least until the parties agree otherwise or the Court issues an order removing such designation. The finding that information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are actually non-confidential shall not in itself constitute a negation or waiver of the confidentiality of any other information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" of the producing party.

16. If a third party produces documents, things or information or provides testimony that it believes contain(s) or refer(s) to information that is "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," such third party may mark such documents or things, or identify such information and testimony in accordance with Paragraphs 1 - 3 above, and such documents, things, information and testimony shall be treated by the parties in accordance with the provisions of this Order as if such documents, things, information and testimony were produced by a party to this action.

17. If a party to this action desires to provide access to or disseminate a producing party's document, thing or information that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to a third party, such third party must execute a Declaration in the form of Exhibit A, and the procedures of Paragraph 7 above must be followed, prior to that party providing access to or disseminating the document, thing or information to such third party.

18. If a party to this action desires to file with the Court any document, paper, thing, and/or transcript containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or things, such party shall move the court for an order sealing that document or thing in accordance with the Court's standing Case Management Procedures. [If such a motion is granted, then] Unless otherwise required by the Court, whenever any document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or any paper containing "CONFIDENTIAL" 

10

or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is filed with the Court, such document, thing or paper shall be filed under seal in accordance with local rules 5.8 and 26.2. In addition, each page of the document or thing (or in the case of computer medium on the medium and its label and/or cover) filed under seal shall display a bold heading that states "RESTRICTED DOCUMENT PURSUANT TO LR26.2" and includes the appropriate "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation immediately below. Any party that files a document or thing under seal or that designates written discovery requests or responses as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall provide, within two business days from the date of filing or service, a redacted copy of same to all other parties, to the extent feasible, which removes all "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

19. This Order shall be without prejudice to the right of any party to apply to the Court for relief from any of the requirements hereof for good cause.

**IT IS SO ORDERED:**

Date: _August 11, 2008_

_Rebecca R. Pallmeyer_
Rebecca R. Pallmeyer
United States District Judge

11

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENISHAW PLC,<br><br>                Plaintiff,<br><br>           v.<br><br>TESA SA, and<br>HEXAGON METROLOGY, INC. (also dba<br>TESA USA, BROWN & SHARPE, INC.,<br>and SHEFFIELD MEASUREMENT, INC.),<br><br>                Defendants. | Case No. 08cv3485<br><br>Judge: Pallmeyer<br>Magistrate Judge: Nolan<br><br>**Jury Trial Demanded** |

**DECLARATION REGARDING PROTECTIVE ORDER**

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1. My address is _____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Stipulated Protective Order entered in the above-captioned action on _____.

6. I agree that I will not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application, reexamination or reissue of a patent in

1

## EXHIBIT A

the field of coordinate measuring machines and/or touch probe technology for a period of three (3) years after my last review of information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or from the termination of the litigation, whichever is earlier, or as otherwise agreed by the parties.

7.  I have carefully read and understood the provisions of the Stipulated Protective Order.

8.  I will comply with all of the provisions of the Stipulated Protective Order.

9.  I will hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the parties to this lawsuit, any information or documents designated as "CONFIDENTIAL' or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10. I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for all parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this lawsuit.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order and of the terms of this Declaration.

12. I declare under penalty of perjury that the foregoing is true and correct.

## EXHIBIT A

Executed on _____ in _____.

_____
(Signature)