IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENISHAW PLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TESA SA, and<br>HEXAGON METROLOGY, INC. (also dba<br>TESA USA, BROWN & SHARPE, INC.,<br>and SHEFFIELD MEASUREMENT, INC.),<br><br>　　　　Defendants. | Case No. 08cv3485<br><br>Judge: Pallmeyer<br>Magistrate Judge: Nolan<br><br>**Jury Trial Demanded** |

## SUPPLEMENTAL DECLARATION OF DARLE M. SHORT

NOW COMES Darle M. Short, who declares to the best of his knowledge, information, and belief that:

1. I previously submitted a Declaration in this matter dated August 13, 2008. I understand that my previous Declaration was submitted with the Memorandum In Opposition To Defendants' Motion To Disqualify Oliff & Berridge From Its Representation Of Renishaw.

2. In paragraph 12 of my previous Declaration, I stated that I did not believe that I or anyone else at O&B working on the Mitutoyo litigations ever met or communicated with, *inter alia*, William Gruber. I further indicated in that paragraph that I did not believe that I otherwise have met or know, *inter alia*, Mr. Gruber.

3. I understand that Defendants attached to their reply papers an October 16, 2003 letter that I wrote to Mr. Gruber, with a copy to Mr. Kaufman, an outside attorney referenced in paragraph 9 of my previous Declaration. In connection with the preparation of my previous

Declaration, I did not uncover or recall the letter to Mr. Gruber, and thus was not mindful of it when I signed my previous Declaration. However, I have now had the opportunity to review the circumstances with respect to the letter to Mr. Gruber, which circumstances are set forth below.

4. In the matter of *Mitutoyo Corp. v. Central Purchasing, Inc.*, Civil Action No. 03C 0990 (N.D. Ill.), Defendant Central Purchasing served a notice of deposition directed to C. E. Johansson AB on October 13, 2003. On October 14, 2003, I sent a letter to Mr. Nils Edlund enclosing the deposition notice. Mr. Edlund then requested that I communicate with Mr. Gruber with respect to the deposition notice, which I did in my letter to Mr. Gruber of October 16, 2003. As reflected in that letter, it was also my understanding at that time that we would be directing future communications for C. E. Johansson to Mr. Gruber.

5. To the best of my knowledge and belief from my review of correspondence and notes subsequent to my letter to Mr. Gruber, I never received a reply or otherwise heard from Mr. Gruber. Rather, on October 21, 2003, I received a telephone call from Mr. Kaufman indicating that Mr. Gruber was out of the country and that Mr. Kaufman would be handling the matter. On October 22, 2003, I wrote to Mr. Kaufman providing him with additional information requested by him with respect to agreements between C.E. Johansson and Mitutoyo. On November 6, 2003, I again wrote to Mr. Kaufman, indicating my then-understanding that I was to communicate solely with Mr. Kaufman (not with Mr. Gruber) with respect to C. E. Johansson going forward. In my November 6, 2003 letter, I provided Mr. Kaufman with a detailed status report of the litigation.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2008

Darle M. Short

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SUPPLEMENTAL DECLARATION OF DARLE M. SHORT** was served on the 28th day of August on the following by ECF, with courtesy copy by e-mail:

>   Alan L. Barry
>   Patricia K. Schmidt
>   Jason A. Engel
>   BELL, BOYD & LLOYD LLP
>   70 W. Madison Street, 3100
>   Chicago, IL 60602
>   (312) 372-1121
>   abarry@bellboyd.com.
>   pschmidt@bellboyd.com
>   jengel@bellboyd.com
>
>   Attorneys for Defendant Hexagon Metrology, Inc. and TESA SA

By: /s/ Aaron L. Webb
Aaron L. Webb, Esq.